IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-_____

HOA N. V. MALMGREN,

      Plaintiff,

v.

PARK MEADOWS MALL, LLC;
GENERAL GROWTH PROPERTIES, INC.;
DILLARD'S, INC.; and
DILLARD'S PROPERTIES, INC.

      Defendants.

## NOTICE OF REMOVAL

Defendants Dillard's, Inc. and Dillard's Properties, Inc. ("Dillard's Defendants"), by and through their attorneys, Larry S. McClung and Rachel Ollar Entrican of Wells, Anderson & Race, LLC, and pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446, respectfully file this Notice of Removal of the above action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado. As grounds for removal, the Dillard's Defendants state as follows.

### BACKGROUND

1. On October 21, 2016, Plaintiff commenced an action against the Dillard's Defendants and against Defendants Park Meadows Mall, LLC, General Growth Properties, Inc., and J.C. Penney Properties, Inc. in the District Court for the County of Denver, Colorado, styled *Hoa N. V. Malmgren v. Park Meadows Mall, LLC, General Growth Properties, Inc., Dillard's,*

*Inc., Dillard's Properties, Inc., & J.C. Penney Properties, Inc.,* Case No. 2016CV33871. (*See* **Exhibit A**, Complaint and Civil Case Cover Sheet.)  In conjunction with her Complaint, Plaintiff filed a Civil Case Cover Sheet. (*Id.*)

2. The Dillard's Defendants were served with the Summons and Complaint on October 25, 2016 by service to The Corporation Company.  (*See* **Exhibit B**, Summons and Returns of Service.)  Plaintiff served Defendants Park Meadows Mall, LLC, General Growth Properties, Inc., and J.C. Penney Properties, Inc. on the same day.  (*Id.*)  Defendant's Notice of Removal is filed within the time limits of 28 U.S.C. §1446 as it is filed within thirty days of service of the Summons and Complaint.

3. This is an action in which the district courts of the United States have original jurisdiction under the provisions of 28 U.S.C. §1332 because diversity of citizenship exists between Plaintiff and Defendants; and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Pursuant to 28 U.S.C. §1441(d), the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, Denver County, Colorado, where this action is pending.

4. "The evident purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state."  *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008).

**CITIZENSHIP**

5. Plaintiff is a resident of Colorado.  (*See* **Exhibit A**, Compl. ¶ 1).

6. Defendant Dillard's, Inc. is a Delaware corporation with its principal place of business in Arkansas.  Defendant Dillard's Properties, Inc., is a Delaware corporation with its

2

principal office in Arkansas.  (*See* **Exhibit C**, Corporate Disclosure Statement; Certificates of Good Standing for Dillard's from the Colorado Secretary of State, indicating that the Dillard's Defendants are Delaware entities; *and see* **Exhibit D**, Affidavit of Rachel Ollar Entrican, ¶ 6.)

7. Defendants Park Meadows Mall, LLC and General Growth Properties, Inc. are Delaware entities, with principal places of business in Chicago, Illinois.  (**Exhibit E**, Certificates of Good Standing, Periodic Report of Defendant Park Meadows Mall, LLC (principal place of business in Chicago, IL), and Statement of Foreign Entity Withdrawal for Defendant General Growth Properties, Inc.. (principal place of business in Chicago, IL).)

8. Defendant J.C. Penney Properties, Inc. was dismissed from this litigation by Plaintiff on November 15, 2016, prior to any of the remaining Defendants filing their responsive pleadings.  (**Exhibit F**, Plaintiff's Notice of Voluntary Dismissal of Defendant J.C. Penney Properties, Inc.)

9. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants.

## AMOUNT IN CONTROVERSY

10. A defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014), abrogating *Laughlin v. Kmart Corp.*, 50 F.3d 871(10th Cir. 1995) and *Martin v. Franklin Capital Corp.*, 251 F.3d 1284 (10th Cir. 2001).  Evidence establishing the amount required by § 1446(c)(2)(B) is only required when the "plaintiff contests, or the Court questions, the defendant's allegation."  *Id*.

3

11. In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also McPhail*, 529 F.3d at 954 (the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

12. When the amount in controversy is not established by the complaint, a defendant, as the proponent of federal jurisdiction, must prove by a preponderance of the evidence facts that support the amount in controversy. *McPhail*, 529 F.3d at 953-955.

13. The defendant does not, however, have to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *Id.* at 955-956. "The amount in controversy is not proof of the amount that the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of litigation." *Id.* at 956.

14. A defendant may introduce evidence including, but not limited to, interrogatories, admissions, affidavits, and proposed settlement demands or correspondence to show the amount in controversy. *Id.* at 954-956. In addition, a "defendant may rely on an estimate of the potential damages from the allegations in the complaint" to prove facts supporting the amount in controversy by a preponderance of the evidence. *Id.* at 955-956.

15. Once a defendant establishes contested facts which support the requisite amount in controversy, a defendant is entitled to stay in federal court unless it is "'legally certain' that

4

less than $75,000 is at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.* at 954.

16. Plaintiff's Complaint and Civil Case Cover Sheet, in conjunction with a demand made on Defendants Park Meadows Mall, LLC and General Growth Properties, Inc. by Plaintiff, demonstrate that the amount in controversy in this case exceeds the jurisdictional threshold. (*See* **Exhibit A**, Compl. ¶¶ 14-17; *see also* **Exhibit D**, Aff. of Rachel Ollar Entrican ¶¶ 3-5.)

17. This lawsuit arises out of an accident that occurred outside the Dillard's store located in Lone Tree, Arapahoe County, Colorado, which resulted in Plaintiff falling and suffering serious injury. Plaintiff claims damages under the Premises Liability Act, C.R.S. § 13-21-115, to compensate for injuries and damages she claims to have suffered as a result of the accident. (*See* **Exhibit A**, Compl. ¶¶ 14-17.)

18. As a result of the accident, Plaintiff claims past and future economic and non-economic damages, including but not limited to, physical injuries, physical impairment and disfigurement, pain and suffering, emotional distress, past and future medical bills, loss of income, and other damages. (*Id.*) Plaintiff claims that she has suffered significantly more than the jurisdictional minimum in damages as a result of the accident in issue in this case. (*See* **Exhibit D**, Affidavit of Rachel Ollar Entrican ¶¶ 3-5).

19. In addition, Plaintiff has stated that she is seeking more than the $75,000 jurisdictional threshold. Plaintiff filed a District Court Civil Cover Sheet in the District Court, Denver County, Colorado, and checked the box stating that Colorado's Simplified Rules of Procedure under Colo. R. Civ. P. 16.1 do not apply because, "This party is seeking a monetary judgment for more than $100,000.00 against another party. . . ." (*See* **Exhibit A**, District Court

5

Civil Cover Sheet ¶ 2.)  Plaintiff's civil cover sheet is further evidence that the amount in controversy exceeds the jurisdictional threshold.  *See Henderson v. Target Stores*, 431 F. Supp. 2d 1143 (D. Colo. 2006) (the filing of a Civil Cover Sheet serves as notice of the amount in controversy), *but see, e.g., Harding v. Sentinel Ins. Co.*, 490 F. Supp.2d 1134, 1135 (D. Colo. 2007) (holding that a Civil Cover Sheet alone is not sufficient to establish the amount in controversy); *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2008) (finding that a party may not rely solely on a civil cover sheet to establish the amount in controversy).

20. Considering the District Court Civil Cover Sheet recites that Plaintiff seeks more than $100,000 in damages, along with the serious nature of the injuries alleged by Plaintiff in her Complaint and the demand made by Plaintiff well in excess of the jurisdictional minimum (*see* **Exhibit D**, Affidavit of Rachel Ollar Entrican ¶¶ 3-5), the Dillard's Defendants have shown the existence of facts by a preponderance of the evidence which, if true, demonstrate that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.

21. Pursuant to 28 U.S.C. §1446(a), copies of all pleadings, process, and orders in the state case file of which Defendants are aware are filed with this Notice.

22. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court, Denver County, Colorado, and a copy has been served contemporaneously on Plaintiff, as indicated on the attached Certificate of Service.

**WHEREFORE**, Defendants Dillard's, Inc. and Dillard's Properties, Inc. hereby remove this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado.

Respectfully submitted this 22nd day of November 2016.

                        WELLS, ANDERSON & RACE, LLC


By:    *S/ Rachel Ollar Entrican*
        Larry S. McClung
        Rachel Ollar Entrican
        1700 Broadway, Suite 1020
        Denver, CO 80290
        Telephone (303) 830-1212
        E-Mail:  lmcclung@warllc.com
                 rentrican@warllc.com

*Attorneys for Defendants Dillard's, Inc. and Dillard's Properties, Inc.*

*Original Signature on File at the Offices of Wells, Anderson & Race, LLC*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November 2016, I electronically filed and served the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and additionally emailed to:

| | |
|---|---|
| Andrew G. McFadden | Michael A. Perales |
| Wallace D. Prugh | Ritsema & Lyon, P.C. |
| Prugh Law Firm | 999 18th Street, Suite 3100 |
| 598 S. Gilpin Street | Denver, CO 80202 |
| Denver, CO 80209 | Email: Michael.perales@ritsema-lyon.com |
| Email: andy@prughlaw.com | |
| wally@prughlaw.com | *Attorney for Defendants Park Meadows Mall, LLC and General Growth Properties, Inc.* |
| *Attorneys for Plaintiff* | |

 

*S/ Kathleen Porter*
E-mail: kporter@warllc.com

*Original Signature on File at the Offices of Wells, Anderson & Race, LLC*

8