| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>Court Address:<br>Denver City & County Building<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: October 21, 2016 5:19 PM<br>FILING ID: E6938DB9AB37F<br>CASE NUMBER: 2016CV33871<br><br>Δ COURT USE ONLY Δ |
|---|---|
| Plaintiff:<br><br>**HOA N. V. MALMGREN**<br><br>Defendants:<br><br>**PARK MEADOWS MALL, LLC; GENERAL GROWTH PROPERTIES, INC.; DILLARD'S, INC.; DILLARD'S PROPERTIES, INC.; & J. C. PENNEY PROPERTIES, INC.** | Case No. |
| PRUGH LAW FIRM<br>Andrew G. McFadden V, #48286<br>Wallace D. Prugh, #10654<br>598 S. Gilpin St.<br>Denver, Colorado 80209<br>Phone: 303-809-9238<br>Email: andy@prughlawfirm.com<br>        wally@prughlawfirm.com | Division:<br><br>Courtroom: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM, OR THIRD PARTY COMPLAINT** | |

1. This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Check one of the following:

    ☐ This case is governed by C.R.C.P. 16.1 because:

    - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding ; AND

    - A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

Page 1 of 2

# EXHIBIT A

☒ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☐ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☒ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☐ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 35 days of the at-issue date. See C.R.C.P. 16.1(b)(1) (re: case type) and C.R.C.P. 16.1(e) (re: amount in controversy). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 45 days of the at-issue date. See C.R.C.P. 16.1(d).*

☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐ C.R.C.P. 16.1 applies to this case.

☐ C.R.C.P. 16.1 does not apply to this case.

4. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: 10/21/2016

*[signature]*

Andrew G. McFadden V
ATTORNEY FOR PLAINTIFF

Page 2 of 2

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>Court Address:<br>Denver City & County Building<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: October 21, 2016 5:19 PM<br>FILING ID: E6938DB9AB37F<br>CASE NUMBER: 2016CV33871<br><br>▲ COURT USE ONLY ▲ |
| Plaintiff:<br><br>**HOA N. V. MALMGREN**<br><br>Defendants:<br><br>**PARK MEADOWS MALL, LLC; GENERAL GROWTH PROPERTIES, INC.; DILLARD'S, INC.; DILLARD'S PROPERTIES, INC.; & J. C. PENNEY PROPERTIES, INC.** | Case No. |
| PRUGH LAW FIRM<br>Andrew G. McFadden V, #48286<br>Wallace D. Prugh, #10654<br>598 S. Gilpin St.<br>Denver, Colorado 80209<br>Phone: 303-809-9238<br>Email: andy@prughlawfirm.com<br>          wally@prughlawfirm.com | Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Hoa N. V. Malmgren, by and through her attorneys, Prugh Law Firm, LLC, files her Complaint and states:

### GENERAL ALLEGATIONS

1. Plaintiff is a resident of the state of Colorado.

2. On or about December 14, 2014, Plaintiff slipped on snow and suffered injuries in a fall just outside the northeast entrance of Dillard's at Park Meadows Mall in Lone Tree, Colorado (the "Premises").

3. Defendant Park Meadows Mall, LLC is a Delaware limited liability company registered to do business in Colorado that owns and operates a shopping center known as Park Meadows Mall.

4. Defendant General Growth Properties, Inc. is a Delaware corporation not currently registered to do business in Colorado that owns and operates a shopping center known as Park Meadows Mall.

5. Defendant Dillard's, Inc. is a Delaware corporation registered to do business in Colorado that operates a store at Park Meadows Mall.

6. Defendant Dillard's Properties, Inc. is a Delaware corporation registered to do business in Colorado that owns property at Park Meadows Mall.

7. Defendant J. C. Penney Properties, Inc. is a Delaware corporation registered to do business in Colorado that owns property at Park Meadows Mall.

8. Venue is proper in the District Court of the City and County of Denver pursuant to C.R.C.P. 98(c)(1):

> "[I]f the defendant is a nonresident of this state, the same may be tried in any county in which the defendant may be found in this state, or in the county designated in the complaint[.]"

### FIRST CLAIM FOR RELIEF
(For Premises Liability Against All Defendants)

9. Plaintiff hereby incorporates the allegations of all previous paragraphs.

10. Defendants were "landowners" of the Premises pursuant to C.R.S. § 13-21-115.

11. Plaintiff was an "invitee" of the Premises pursuant to C.R.S. § 13-21-115.

12. Defendants owed duties to invitees, including Plaintiff, pursuant to C.R.S. § 13-21-115 to exercise reasonable care to protect against dangers on the Premises of which Defendants actually knew or should have known.

13. Defendants breached those duties owed to Plaintiff under C.R.S. § 13-21-115 by unreasonably failing exercise reasonable care to protect Plaintiff against dangers on the Premises of which Defendants actually knew or should have known, in one or more of, but not limited to, the following ways:

     a) By failing to remove snow from the Premises;

     b) By failing to have a proper, timely, and adequate snow removal system for the Premises;

     c) By failing to have proper and adequate warning signs of slippery conditions at the Premises;

     d) By failing to respond to complaints about the snow buildup at the Premises; and/or

     e) By failing to properly divide responsibility for snow removal at the Premises.

14. As a direct and proximate result of Defendants' actions or inactions, Plaintiff slipped on snow and fell and incurred serious injuries, including a fractured wrist.

15. As a further direct and proximate result of Defendants' actions or inactions, Plaintiff has suffered economic damages, including, but not limited to past and future medical bills, therapy bills, loss of income, and other economic damages.

16. As a further direct and proximate result of Defendants' actions or inactions, Plaintiff has suffered non-economic damages including, but not limited to, pain and suffering, and emotional distress.

17. As a further direct and proximate result of the Defendants' actions or inactions, Plaintiff suffered damages for physical impairment and disfigurement.

WHEREFORE, Plaintiff seeks judgment against Defendants for premises liability and seeks economic damages, non-economic damages, damages for physical impairment and disfigurement, other special damages that may be identified prior to trial, costs, expert witness fees, interest as provided by law, and such other relief as this court shall deem necessary and proper.

**PLAINTIFF HEREBY MAKES DEMAND FOR A TRIAL TO A JURY OF SIX ON ALL ISSUES HEREIN.**

<u>Plaintiff's Address:</u>
8282 Briar Dale Ln.
Castle Pines, CO 80108

Respectfully Submitted,

PRUGH LAW FIRM, LLC

/s/ *Andrew McFadden*

Andrew G. McFadden V
ATTORNEY FOR PLAINTIFF